**E-Filed 08/20/2010**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Wendell J. Jones,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>PNC Bank, N.A., and DOES 1 – 50, inclusive,<br><br>　　　　　　　Defendants. | Case No.: 10-CV-01077-LHK<br><br>ORDER DISMISSING CASE WITH LEAVE TO AMEND<br><br>[re: docket no. 6] |

**I.      Background**

    **a.  Procedural History**

On February 1, 2010, attorney Wendell J. Jones ("Plaintiff") filed the instant action on his own behalf in the Santa Clara Superior Court against PNC Bank N.A. ("PNC") and Does 1-50 alleging violations of the Real Estate Settlement Procedures Act of 1974 ("RESPA"), 12 U.S.C. § 2601, et seq., and of California Business and Professions Code § 17200 et seq. ("UCL").  *See* Dkt. No. 1 (Mot. for Removal), Ex. 1 ("Complaint").  On March 12, 2010, PNC removed the action to this court.  Dkt. No. 1.  On March 19, 2010, PNC moved to dismiss the complaint.[1]  Dkt. No. 6.

---

[1] PNC also moved to strike portions of the complaint and for a more definite statement.  The Court's granting of this motion to dismiss moots these motions; therefore, the August 26, 2010 hearing on these motions is VACATED.  See Dkt. No. 6, 7.

Case No.: 10-CV-01077-LHK
ORDER DISMISSING CASE WITH LEAVE TO AMEND

The hearing on the motion was set for May 25, 2010.  Therefore, any opposition was due on May 4, 2010 (21 days before the hearing date, pursuant to Local Rule 7-3).  However, Plaintiff filed no opposition, and no statement of non-opposition.  On May 11, 2010, PNC filed a notice of no opposition to its Motion to Dismiss.  Dkt. No. 11.  Subsequently, the case was reassigned and the hearing on PNC's Motion to Dismiss was re-set for August 6, 2010.  Dkt. No. 17; Clerk's Notice of June 8, 2010.  On August 2, 2010, the case was again reassigned and the hearing date was re-set for August 26, 2010.   To date, Plaintiff has filed no opposition, or statement of non-opposition, to PNC's Motion to Dismiss.  Pursuant to Local Rule 7-7(d), the re-noticing of the hearing dates did not change the due date for Plaintiff to file an opposition to this motion.  Pursuant to Local Rule 7-3(b), a party not opposing an adverse motion is required to file a statement of non-opposition by the deadline for the opposition motion.

The Court finds this matter suitable for decision without oral argument and hereby VACATES the hearing scheduled for August 26, 2010.  Because Plaintiff has failed to state a claim, the Court hereby GRANTS the Motion to Dismiss.

### b. Factual Allegations

In his complaint, Plaintiff alleges that he owns 2409 Quantico Court, in San Jose, California.  Complaint ¶ 2.  He also alleges that he is "the borrower on PNC loan number 0004426002." *Id*.  Plaintiff states that he sent a qualified written request (QWR) to PNC, requesting "specific loan origination documents" on December 14, 2009, and that, as of February 1, 2010, he had received no response from PNC.  *Id*. at 3.  Plaintiff alleges that due to PNC's failure to respond to the alleged QWR, PNC violated RESPA and Plaintiff has suffered "damage in an amount to be determined at trial." *Id*. at 3.  Finally, Plaintiff alleges that PNC's "lack of response to Plaintiff's request was designed to prejudice Plaintiff, generate profit and deny the

Plaintiff's right to redemption" and that due to these "unfair business practices" Plaintiff has "suffered hardship." *Id*. at 4.

## II.     Legal Standard

"Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  For purposes of a motion to dismiss, "all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-338 (9th Cir. 1996).  However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle [ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).  Leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment.  *Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995).

## III.    Discussion

### a.  RESPA

RESPA requires loan servicers to respond to certain inquiries from borrowers.  Specifically, when a borrower sends a QWR identifying the loan account and with "a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error, or provid[ing] sufficient detail to the servicer regarding other information sought by the borrower," the loan servicer[2] must acknowledge the request within 20 days and must provide a written response to the

---

[2] Because the Court concludes that the alleged QWR does not qualify as a true QWR, it need not reach PNC's argument that the Plaintiff fails to allege that PNC is a loan servicer.

borrower within 60 days. 12 U.S.C. § 2605. A QWR must seek information relating to the *servicing* of the loan; a request for loan origination documents is not a QWR. *Patacsil v. Wilshire Credit Corp.*, No. 2:09-cv-01660-MCE-KJM, 2010 WL 500466 at *5 (E.D. Cal. Feb. 8, 2010) (finding that request for information "simply relat[ing] to the origination of the loan, not any servicing errors" was not a QWR); *Lima v. Am. Home Mortg. Servicing*, No. C 09-3561 CW, 2010 WL 144810 at *3 (N.D. Cal., Jan. 11, 2010) (holding that a request for "documents associated with the loan's origination" is not a QWR under RESPA); *Consumer Solutions REO LLC v. Hillery*, 658 F. Supp. 2d 1002, 1014 (N.D. Cal. 2009) ("[t]hat a QWR must address the servicing of the loan, and not its validity, is borne out by the fact that § 2605(e) expressly imposes a duty upon the loan servicer, and not the owner of the loan.").

Plaintiff describes his alleged QWR as requesting "specific loan origination documents." Complaint ¶ 10. Plaintiff attached the alleged QWR to his complaint, and indeed, all of the documents requested relate to the loan's origination, and not to its servicing. *Id.* at 8. Because a request for loan origination documents does not, as a matter of law, constitute a QWR, Plaintiff has failed to state a claim for a RESPA violation.[3] *See Patacsil*, 2010 WL 500466 at *5 (dismissing RESPA claims, in part, because alleged request for loan origination documents did not constitute a QWR); *accord Lima*, 2010 WL 144810 at *4.

### b. California Business and Professions Code § 17200 et seq.

The UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. Accordingly, "[a]n act can be alleged to violate any or all of the three prongs of the UCL-unlawful, unfair, or

---

[3] The Court agrees with PNC that the Plaintiff has also failed to sufficiently allege harm from the alleged RESPA violation, further warranting dismissal of the Complaint. *See Shepherd v. Am. Home Mortg. Services, Inc.*, No. Civ. 2:09-1916 WBS GGH, 2009 WL 4505925 at *3-4 (E.D. Cal. 2009).

4

Case No.: 10-CV-01077-LHK
ORDER DISMISSING CASE WITH LEAVE TO AMEND

fraudulent." *Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal. App. 4th 1544, 1554 (2007). Plaintiff alleges that PNC's "lack of response to Plaintiff's request was designed to unfairly prejudice Plaintiff, generate profit and deny the Plaintiff's right to redemption." Complaint ¶ 15. Because Plaintiff puts this allegation, which repeats his allegation of a RESPA violation, under the heading "UNFAIR BUSINESS PRACTICES," and elsewhere in the Complaint references the UCL, the Court infers that Plaintiff intended to assert a UCL violation on the basis of the alleged RESPA violation. However, since Plaintiff has failed to state a RESPA claim, his claim for a UCL violation on the basis of a RESPA violation must fail as well. *Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078, 1088 (9th Cir. 2007); *Powell v. Residential Mortg. Capital*, No. C 09-04928 JF (PVT), 2010 U.S. Dist. LEXIS 59698 at *25-*26 (N.D. Cal. May 24, 2010) (dismissing claims of UCL violations, based on insufficiently-pled RESPA violations).

If Plaintiff intended to allege unfair (as opposed to unlawful) business practices, the Complaint contains insufficient detail to support this claim. The only allegation regarding PNC that Plaintiff makes is that PNC failed to respond to the alleged QWR. The complaint does not allege any other act or omission by PNC. Furthermore, the complaint fails to explain how the "lack of response" "unfairly prejudice[d] Plaintiff" or "den[ied] the Plaintiff's right to redemption." Simply concluding that an act is "unfair" does not meet the standard for stating a claim under the UCL. *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1152 (9th Cir. 2008).

**ORDER**

Even when all of the alleged facts in the Complaint are taken as true, Plaintiff has failed to state a cognizable claim under either RESPA or the UCL. Therefore, PNC's motion to dismiss the complaint is GRANTED, with leave to amend. The hearing on this motion set for August 26, 2010 is VACATED.

5

Case No.: 10-CV-01077-LHK
ORDER DISMISSING CASE WITH LEAVE TO AMEND

In light of Plaintiff's failure to oppose PNC's motion to dismiss or to file a statement of non-opposition, as required by the Local Rules, the Court imposes the following deadline: Plaintiff shall file and serve an amended complaint by **no later than two weeks from the date of this order**. If Plaintiff does not serve an amended complaint within this time, this matter shall be dismissed WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated: August 20, 2010

_____
LUCY H. KOH
United States District Judge